**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually and on behalf of all others similarly situated

| | |
|---|---|
| Oswaldo Valverde, on behalf of himself and all other persons similarly situated,<br><br>        Plaintiff,<br><br>    - vs. -<br><br>Marbren Tire Co., Inc. and Mark Brenner,<br><br>        Defendants. | DOCKET NO. 18-cv-5677<br><br>**COMPLAINT** |

Plaintiff Oswaldo Valverde, by and through his undersigned attorneys, for his complaint against defendants Marbren Tire Co., Inc. and Mark Brenner, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiff Oswaldo Valverde alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Marbren Tire Co., Inc.

and Mark Brenner, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Mr. Valverde further complains that he is entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Mr. Valverde is an adult individual residing in Brooklyn, New York.

4. Mr. Valverde consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5. Defendant Marbren Tire Co., Inc. is a New York corporation with a principal place of business at 32-16 Hunters Point Ave., Long Island City, New York.

6. At all relevant times, defendant Marbren has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant Marbren has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant Marbren has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, defendant Marbren has constituted an "enterprise" as defined in the FLSA.

10. Defendant Mark Brenner is an owner or part owner and principal of Marbren, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Defendant Mark Brenner was involved in the day-to-day operations of Marbren and played an active role in managing the business.

12. For example, defendant Mark Brenner hired plaintiff and set his pay and schedule, and paid him each week.

13. Defendants constituted "employers" of Mr. Valverde as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Valverde's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Valverde's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 207, Mr. Valverde seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since October 3, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt laborers within the meaning of the FLSA, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Mr. Valverde in that they were employed by defendants as non-exempt laborers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

18. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

19. Plaintiff and the Collective Action Members perform or performed the same primary duties, and were subjected to the same policies and practices by defendants.

20. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

21. At all relevant times herein, defendants owned and operated a company in Queens that, *inter alia*, sold and installed tires.

22. Mr. Valverde was employed at Marbren from approximately 2006 through August 2018.

23. Mr. Valverde was employed by defendants as a tire man.

24. Mr. Valverde's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

25. At all relevant times herein, Mr. Valverde was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. Mr. Valverde's regular schedule was six days per week, every day except Sunday.

27. Mr. Valverde generally worked roughly 8½ hours on weekdays, and 6 hours on Saturdays, for a total of approximately 48½ hours per week, each week of his employment with defendants.

28. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

29. Mr. Valverde was not paid by the hour; rather, he was paid a fixed salary throughout his employment.

30. When Mr. Valverde's employment began, he was receiving roughly $571 each week for his net pay; his gross pay was purportedly between $718 and $755, but because he did not receive paystubs he does not know for certain.

31. In or about 2015, he received a raise to $591 per week for his net pay; his gross pay was purported to be $807.20 per week.

32. These amounts did not vary based on the precise number of hours that Mr. Valverde worked in a day or week.

33. Defendants ostensibly paid Mr. Valverde by check. However, each week when he was given his check, he was required to endorse it and return it to defendants, who then would provide him his pay in cash several days later.

34. Moreover, the checks were business checks rather than payroll checks.

35. In or about 2017, defendants began providing plaintiff with a paystub of a sort with his pay. These paystubs, however, did not provide plaintiff with information required by New York law, such as the number of hours he worked or his rate of pay.

36. Defendants failed to pay Mr. Valverde any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law,

and the supporting New York State Department of Labor regulations.

37. Defendants' failure to pay Mr. Valverde the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

38. Defendants failed to provide Mr. Valverde with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, at any time during his employment, in violation of the Wage Theft Prevention Act.

39. Defendants failed to provide Mr. Valverde with compliant weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

40. Upon information and belief, throughout the period of Mr. Valverde's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Valverde (the Collective Action Members) in positions at defendants' tire company that required little skill, no capital investment, and with duties and responsibilities that did not include any

managerial responsibilities or the exercise of independent judgment.

41. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including the manner of payment and the policies, practices, and procedures with respect to the payment of overtime.

42. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

43. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

44. Upon information and belief, while defendants employed Mr. Valverde and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate time or pay records to employees.

45. Upon information and belief, while defendants employed Mr. Valverde and the Collective Action members and through all relevant time periods, defendants failed to

9

post or keep posted a notice explaining the overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

46. Mr. Valverde, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, defendants employed Mr. Valverde and each of the Collective Action Members within the meaning of the FLSA.

48. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

49. As a result of defendants' willful failure to compensate their employees, including Mr. Valverde and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29

U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

51. Due to defendants' FLSA violations, Mr. Valverde and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

### (New York Labor Law - Overtime)

52. Mr. Valverde repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Mr. Valverde was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Mr. Valverde's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142.

11

55. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

56. Due to defendants' New York Labor Law violations, Mr. Valverde is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT III

**(New York Labor Law – Wage Theft Prevention Act)**

57. Mr. Valverde repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Mr. Valverde was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Mr. Valverde's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

60. Defendants willfully violated Mr. Valverde's rights by failing to provide him with accurate weekly wage

12

statements required by the Wage Theft Prevention Act at any time during his employment.

61. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Valverde is entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

62. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Valverde is entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Mr. Valverde respectfully requests that this Court grant the following relief:

  a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them

13

of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Valverde and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

    f. Liquidated damages for defendants' New York Labor Law violations;

    g. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

    h. Back pay;

    i. Punitive damages;

    j. An award of prejudgment and postjudgment interest;

    k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    l. Such other, further, and different relief as this Court deems just and proper.

Dated: October 3, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Marbren Tire Co., Inc., and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Marbren Tire Co., Inc., y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

*[signature]*

Oswaldo Valverde

Date: August 28, 2018